J-S06021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CHAIZ EDWARD BROWN :
:
Appellant : No. 869 WDA 2024

Appeal from the PCRA Order Entered June 27, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002088-2006

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: April 29, 2025**

Chaiz Edward Brown ("Brown") appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Given our disposition, we need not set forth a complete factual and procedural history of Brown's convictions. Briefly, Brown participated in a murder in 2008 when was a juvenile and a jury convicted him of murder of the second degree and related offenses. The trial court imposed a mandatory sentence of life imprisonment without parole, followed by ten to twenty years in prison. During the pendency of his direct appeal, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), wherein it held that mandatory life sentences are unconstitutional as applied

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

J-S06021-25

to those who were juveniles at the time of their crimes.[2]  Brown filed a PCRA

petition seeking the benefit of **Miller**, which the PCRA court denied.[3]  On

appeal of the denial order, this Court reversed and remanded for resentencing.

**See Commonwealth v. Brown**, 122 A.3d 443 (Pa. Super. 2015)

(unpublished judgment order).

On November 29, 2016, the trial court conducted a resentencing

hearing.  At the conclusion of that proceeding, the prosecutor stated:

> The **Batts** case suggests [18 Pa.C.S.A. §] 1102.1 should be used as an advisory or guidance.  It is not binding upon the court.  And the guidelines also are not binding.  But the guidelines, as far as advisory goes, the minimum sentence would -- the standard range is -- just one moment, judge -- 37 to 52 years plus or minus three.  We ask that you sentence within your sound discretion, sir.  That's all.

---

[2] Under **Miller**, in order for a life sentence imposed on a juvenile homicide offender to pass constitutional muster, the sentencing court must have the discretion to consider certain factors bearing upon the juvenile's "youth and attendant characteristics" ("the **Miller** factors") before deciding whether to impose a life sentence.  Pennsylvania's General Assembly responded to **Miller** by enacting a new sentencing statute for juveniles convicted of murder after June 24, 2012.  **See** 18 Pa.C.S.A. § 1102.1.  Section 1102.1(c)(1) provides than an individual convicted of second-degree murder after June 24, 2012, who was under the age of 18 but over the age of 15 at the time of the offense, "shall be sentenced to a term of imprisonment the minimum of which shall be at least 30 years to life."  18 Pa.C.S.A. § 1102.1(c)(1).  Section 1102.1 essentially codified the **Miller** factors by requiring a sentencing court, when determining whether to impose a sentence of life imprisonment on a juvenile convicted of murder, to consider and make findings on the record regarding the **Miller** factors.

[3] In 2013, our Supreme Court issued its decision in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013) ("**Batts II**") wherein it explained that **Miller**'s holding is narrow, *i.e.*, that mandatory sentences of life imprisonment without the possibility of parole are not constitutional when imposed on juveniles convicted of murder.

N.T., 11/22/16, at 19-20. At the conclusion of the hearing, the trial court resentenced Brown to forty years to life imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on May 8, 2018. **See Commonwealth v. Brown**, 181 A.3d 1251 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 185 A.3d 279 (Pa. 2018). Brown did not seek further review in the United States Supreme Court. Instead, Brown filed a timely PCRA petition, which the PCRA court ultimately denied. Brown did not appeal the denial order.

On June 5, 2023, Brown filed the instant *pro se* PCRA petition. Therein, Brown acknowledged that the petition was facially untimely; however, he raised the governmental interference and newly discovered facts exceptions to the PCRA's one-year time bar. **See** *Pro Se* PCRA Petition, 6/5/23, at 2. Brown maintained that, for purposes of both exceptions, the Commonwealth misrepresented the sentencing guidelines at his resentencing hearing The PCRA court appointed counsel,[4] who filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In response, Brown requested the appointment of replacement

---

[4] As this was Brown's second PCRA petition following his resentencing, he was not entitled to the appointment of counsel. **See** Pa.R.Crim.P. 904(C) (requiring appointment of counsel only on a first PCRA petition). Nonetheless, the PCRA court exercised its discretion to appoint counsel for Brown.

counsel. The PCRA court permitted counsel to withdraw, denied Brown's request for the appointment of replacement counsel, advised Brown of his rights to proceed *pro se* or to retain private counsel, and ordered Brown to respond within thirty days if he wished to proceed. **See** Order, 4/17/24, at unnumbered 1. Brown did not file a response.

The PCRA court thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Brown filed a *pro se* response to the Rule 907 notice. On June 27, 2024, the PCRA court entered an order dismissing the petition on the basis that the petition was time-barred, none of the timeliness exceptions applied to excuse the late filing, and the court lacked jurisdiction to entertain the merits of the petition. **See** Order, 6/27/24. Brown filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[5]

> Brown raises the following issues for our review:
>
> I. Did [the] PCRA cour [*sic*] err when it dismissed [Brown]'s time exception claims of newly discovered evidence of Commonwealth's fraud on the court?
>
> II. Did [the] PCRA court err when it granted counsel's no-merit letter/petition to withdraw as counsel and denied [Brown] new counsel?
>
> III. Did [the] PCRA cour [*sic*] err when it dismissed [Brown]'s legality of sentence claim on time credit?

---

[5] In his concise statement, Brown raised a new claim that was not included in his *pro se* PCRA petition; namely, that the trial court failed to grant him approximately eighteen days of credit at his resentencing hearing. **See** Concise Statement, 9/12/24, at unnumbered 3.

Brown's Brief at 5 (unnecessary capitalization omitted, issues reordered for ease of disposition).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As indicated above, following Brown's resentencing, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on May 8, 2018. As Brown did not seek review in the United States Supreme Court, his sentence became final ninety days later, on August 6, 2018, upon the expiration of the time to seek such review. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** U.S.Sup.Ct.R. 13 (providing that a petition for writ of *certiorari* in the United States Supreme Court must be filed within ninety days). Brown then had one year from that date, until August 6, 2019, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was not filed until June 5, 2023, it is patently untimely under the PCRA's one-year time bar.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Further, for purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, or appeal or in a prior [PCRA] proceeding." 42 Pa.C.S.A. § 9544(b).

In his first issue, Brown contends that the PCRA court erred by determining that he failed to satisfy the PCRA timeliness exceptions for government interference and newly discovered facts pursuant to subsections 9545(b)(1)(i) and (ii). To demonstrate the governmental interference exception, the petitioner must plead and prove that the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. **See Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (holding that, for the government interference exception to apply, a petitioner "is required to show that but for the interference of a government actor he could not have filed his claim earlier"); **see also Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is

predicated must not have been known to the petitioner, nor could they have been ascertained by due diligence).

To invoke the newly discovered facts exception, the petitioner must allege and prove that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. **See Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id**. at 1071.

Notably, invoking either of these timeliness exceptions requires the petitioner to plead and prove that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. **See** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); **see also Commonwealth v. Stokes**, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

Brown asserts that he filed the instant petition "after he obtained evidence that proved Commonwealth "intentionally lied" about its so-called standard range of 37-52 years plus or minus three." Brown's Brief at 16. Brown argues that the "so-called 'standard range'" guidelines submitted to the trial court are "not in the Crimes Code." *Id*. at 15. Brown clams that his "newly discovered evidence revealed the fact that Commonwealth prosecuted the resentencing of juvenile offender, Regis Seskey . . . to 13 years to life." *Id*. Brown claims that, based on Seskey's resentencing, the Commonwealth knew that section 1102.1(c)(1) was not mandatory because both he and Seskey were convicted before prior to June 25, 2012.

Based on our review, we conclude that the PCRA court's determination that Brown failed to satisfy the government interference and newly discovered facts exceptions is supported by the record and free of error. As explained above, to invoke the government interference exception, Brown was required to plead and prove in his petition that his failure to previously raise the instant claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See Staton*, 184 A.3d at 955; *see also Abu-Jamal*, 941 A.2d at 1268. The certified record in this matter confirms that Brown was present at his resentencing hearing. Brown did not allege in his petition that he did not hear the prosecutor's remarks at the sentencing hearing at the time that they were made to the sentencing court. Moreover, Brown did not plead or prove

- 9 -

in his petition that his failure to previously raise the instant claim was the result of interference by government officials, or the information could not have been obtained earlier with the exercise of due diligence. **See id**. Thus, Brown failed to satisfy the pleading and proof requirements necessary to invoke the government interference exception set forth at section 9545(b)(1)(i).

Similarly, to invoke the newly discovered facts exception, Brown was required to plead and prove in his petition that the facts upon which the instant claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Again, we note that Brown was present at his resentencing hearing at the time the prosecutor's comments were made to the sentencing court. Brown did not allege that the prosecutor's remarks were unknown to him. Indeed, the only new facts that Brown identified in his petition concerned information he received from another inmate regarding sentences imposed by other courts on other defendants in other cases. Those sentences have no bearing upon Brown's ability to previously raise a claim regarding comments made by the prosecutor at his own sentencing hearing, nor do they explain why he could not have raised the instant claim in his direct appeal or in his prior PCRA petition. **See** 42 Pa.C.S.A. § 9544(b) (providing that an issue is waived if the petitioner could have raised it but failed to do so on direct appeal or in a prior PCRA proceeding). Thus, Brown failed to satisfy the timeliness exception set

forth in section 9545(b)(1)(ii) by pleading and proving in his petition that he was unaware of the prosecutor's remarks which form the basis of his petition and could not have discovered those comments through the exercise of due diligence. Accordingly, Brown failed to invoke the PCRA court's jurisdiction to consider the merits of the issues raised in his *pro se* petition.

In his second issue, Brown contends that the PCRA court erred by crediting the "no-merit" letter submitted by counsel and permitting counsel to withdraw. Pursuant to Rule 904(C), "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's **first** petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). An indigent criminal defendant thus has a rule-based right to the assistance of counsel on his **first** PCRA petition. **See Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019). While not mandatory, Rule 904(E) permits the PCRA court to exercise its discretion to appoint counsel for a petitioner in connection with a subsequent petition "whenever the interests of justice require it." Pa.R.Crim.P. 904(E). Pursuant to Rule 904(F)(2), when counsel is appointed, the appointment "shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2).

When appointed, PCRA counsel's duty is to either" (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner/Finley***. ***See Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa. Super. 2017). Where counsel seeks to withdraw under ***Turner/Finley***, he must file a "no-merit" letter detailing his review of the case and his explanation why each of the issues the petitioner seeks to raise are meritless. ***See Kelsey***, 206 A.3d at 1139. Importantly, when the ***Turner/Finley*** process is followed and PCRA counsel is permitted to withdraw, the petitioner's rule-based right to counsel on their first PCRA petition has been fully vindicated. ***See Commonwealth v. Gibson***, 318 A.3d 927, 933 (Pa. Super. 2024). Upon the withdraw of court-appointed PCRA counsel pursuant to ***Turner/Finley***, new counsel shall ***not*** be appointed and the petitioner is ***not*** entitled to counsel on appeal. ***See Commonwealth v. Maple***, 559 A.2d 953, 956 (Pa. Super. 1989). Instead, the petitioner must thereafter look to his or her own resources for whatever further proceedings there might be. ***See id***.

Brown contends that the PCRA court violated Rule 904(F)(2) by permitting counsel to withdraw and failing to appoint replacement counsel to assist him in this appeal. Brown insists that he was entitled to counsel throughout the PCRA proceedings, including the instant appeal. Brown additionally contends that, although counsel indicated that he had

communicated with Brown through the mail and read his *pro se* petition, Brown asserts that counsel nevertheless failed to arrange an in-person or video visit to interview Brown in violation of the mandates of ***Turner***/***Finley***.

Based on our review, we discern no abuse of discretion or error of law by the trial court in declining to appoint new counsel for Brown. As explained above, Rule 904(C) provides a rule-based right to the appointment of counsel in connection with a petitioner's ***first*** PCRA petition. As this was not Brown's first PCRA petition following his resentencing, he was not entitled to the appointment of counsel in this matter. Nonetheless, the PCRA court exercised its discretion to appoint counsel for Brown. However, upon its review of counsel's "no-merit" letter, the PCRA court entered an order permitting counsel to withdraw. ***See*** PCRA Court Order, 5/23/24, at 1. Thus, upon the court's decision to permit counsel to withdraw, Brown was not entitled to the appointment of replacement counsel. ***See Maple***, 559 A.2d at 956.

Moreover, our Supreme Court has made clear that ***Turner***/***Finley*** does not require PCRA counsel to "launch into an extra-record investigation of every claim raised by a PCRA petitioner on collateral attack" before determining that claims lack merit for purposes of filing a "no merit" letter. ***Commonwealth v. Porter***, 728 A.2d 890, 895 (Pa. 1999) (concluding that requiring counsel to investigate matters beyond those contained in the record, where counsel has concluded that there is no merit to the claim and where there is not even the barest indication that such an investigation will prove fruitful, would not

- 13 -

serve the ends of justice). Thus, prior to reaching a conclusion that Brown's claims were meritless, appointed PCRA counsel was not required to schedule an in-person or video visit to interview Brown. ***See id***. Accordingly, Brown's second issue merits no relief.

In his third issue, Brown contends that the PCRA court erred by dismissing his illegality of sentence claim for time credit served. Preliminarily, we must determine whether Brown preserved this issue for our review. Pursuant to our appellate rules, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. ***See*** Pa.R.A.P. 302(a). Further, in the PCRA context, issues not included in an original PCRA petition, or a court approved amended PCRA petition are deemed waived. ***See Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (holding that issues not raised in a PCRA petition cannot be considered on appeal).

Additionally, a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. ***See Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*). In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. ***See id***.; ***see also Commonwealth v. Moore***, 247 A.3d 990 (Pa. 2021) (holding that a claim that a sentence is illegal is cognizable under the PCRA and subject to the PCRA timeliness provisions). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely

manner under the PCRA.  **See *Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013).

Here, Brown's third issue was not included in his *pro se* PCRA petition, and no amended PCRA petition was ever filed on his behalf by his court-appointed counsel.  Moreover, Brown failed to invoke the PCRA court's jurisdiction over his untimely petition by pleading and proving a timeliness exception.  Thus, as Brown failed to raise this issue before the PCRA court and failed to invoke the court's jurisdiction over his petition, we may not address it.

As we have determined that none of Brown's issues merit relief, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/29/2025